Zhuang v. Garland

BIA
Christensen, IJ
A 206 311 507

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of February, two thousand twenty-four.

PRESENT:
> JOSÉ A. CABRANES,
> RAYMOND J. LOHIER, JR.,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

_____

ZHIQIANG ZHUANG,
> *Petitioner,*

v.                                                                22-6128
                                                                 NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:              Jay Ho Lee, Jay Ho Lee Law Offices, LLC, New York, NY.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General; Linda S. Wernery, Assistant Director; Susan Bennett Green, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED

Petitioner Zhiqiang Zhuang, a native and citizen of the People's Republic of China, seeks review of a February 25, 2022, decision of the BIA affirming an October 1, 2018, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhiqiang Zhuang*, No. A 206 311 507 (B.I.A. Feb. 25, 2022), *aff'g* No. A 206 311 507 (Immig. Ct. N.Y. City Oct. 1, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006). We review legal conclusions de novo and findings of fact, including adverse credibility determinations, "under the substantial evidence standard." *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are

2

conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . ." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. "[A] single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence" and "may also influence the IJ's assessment of the credibility of the corroborative evidence." *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007). Substantial evidence supports the adverse credibility determination.

Zhuang does not dispute the agency's determination that he was not

credible as to his alleged past persecution for attending an unregistered church in China. Because he was not credible with respect to his practice of Christianity and persecution in China, the agency reasonably concluded that he was not credible as to his claim that he continued to practice Christianity in the United States or would continue to do so if returned to China. *Id.* (holding that "an IJ's application of the maxim *falsus in uno, falsus in omnibus* [false in one thing, false in everything] may at times be appropriate" (quotations and citations omitted)). The IJ also reasonably determined that Zhuang's corroborating evidence—his baptism certificate, photographs of him at a church in the United States, and a letter from an alleged fellow church member—failed to rehabilitate his claim. *Id.* (holding that an adverse credibility determination "may also influence the IJ's assessment of the credibility of the corroborative evidence itself"). As the IJ found, (1) the baptism certificate was signed by someone Zhuang did not make available for cross examination, (2) Zhuang was wearing the same shirt in at least two of the five photographs, indicating that they were taken on the same day, and (3) the letter from a friend stated that Zhuang was a "devout Christian" who "often participate[d]" in church activities but did not provide any further detail. *See Likai Gao v. Barr*, 968 F.3d 137, 149 (2d Cir. 2020) (holding that "the IJ acted within

4

her discretion in according [letters from a wife and friend] little weight because the declarants (particularly [the] wife) were interested parties and neither was available for cross-examination"); *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence.").

"Where an IJ's finding of fabrication (supported by substantial evidence) serves as the basis for discrediting other evidence, a reviewing court is in no position to conclude that the discrediting of the remaining evidence is unsupported by substantial evidence." *Siewe*, 480 F.3d at 170. None of the exceptions to that rule apply here: Zhuang does not allege he made up facts to escape persecution, his alleged practice of Christianity is not ancillary to his claim, and the IJ assessed his evidence. *Id.* at 170–71. Because the adverse credibility determination is dispositive of all relief, we decline to reach the agency's alternative analysis. *See Hong Fei Gao*, 891 F.3d at 76 ("Where the same factual predicate underlies a petitioner's claims for asylum, withholding of removal, and protection under the CAT, an adverse credibility determination forecloses all three forms of relief."). To the extent Zhuang challenges the BIA's denial of his motion to remand for consideration of additional country conditions evidence, we find no

abuse of discretion because he provided no explanation or argument as to how the evidence differed from prior evidence or would alter the outcome, particularly given the adverse credibility determination. *See Li Yong Cao v. U.S. Dep't of Just.*, 421 F.3d 149, 157 (2d Cir. 2005) (holding that a movant bears a "heavy burden of demonstrating a likelihood that the new evidence presented would alter the result in the case"); *Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146–47 (2d Cir. 2007) (upholding BIA's rejection of evidence presented with motion to reopen given underlying adverse credibility determination).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court